Curia, per

O’Neall, J.
The only ground which will be considered is that which makes the question, whether the plaintiff’s book was admissible to prove the entry, “ 1839, August 24th, to furnishing and laying 2544 feet of stone flagging, curb and gutter stone, at 25 cents per foot, $636.” The plaintiff is a stone cutter, and stone mason, and the item set out above is a part of a running account against the defendants for other work and materials, all of which has been paid, except this item, and to it is applicable $100 paid by the defendant generally on the account.
In Slade vs. Teasdale, 2 Bay, 172, the court ruled that the book of a mechanic was competent evidence in a suit brought to recover for work done or materials furnished in the way of his trade. The reason given for the admission of such book in evidence was, “ it had long been established as a rule, that all classes of men who were obliged to keep books, in the way of their trade, should be put upon the same footing.” This principle thus settled was enforced in innumerable cases, and with little restriction, until the case of Lynch ads. Petrie, 1 N. & McC. 130. In that case the court wisely undertook to limit the operation of the rule. It was an action for work and labor, as a bricklayer ; the charge or entry was for 190 days work and labor as such. The court held that the entry was inadmissible. Johnson, J., said, speaking of the admissibility of books, il those of a mechanic are, I think, admissible to prove the performance of a particular job oí work in the course of *312 his trade, and articles furnished.” To this I assent, hut with this qualification, that “the performance of a job of work,” as a book entry, must be of something which is ultimately delivered to the defendant; such as work done in shops kept by the plaintiff. In that way it comes appropriately within the reason of the rule deduced from the recital in the county and precinct court Act of 1721, for it declared the law before in the Province to be, “that books of account shall be allowed for evidence, the plaintiff swearing to the same, by reason that the merchants and shop-keepers in South Carolina had not an opportunity of getting apprentices and servants to deliver out their goods and keep their books, as the merchants and shop-keepers in Great Britain had.” Merchants and shop-keepers, it is to be observed, are the only parties who are permitted, under the law thus recited, to verify their books by their own oaths, and that, too, because they could not have apprentices and servants to prove the delivery of goods and keep their books. To come in under this rule, the party must seem to be in the same necessity, and therefore within the reason of the rule. I can readily perceive the necessity for a mechanic, doing work in his shop and delivering it out, to keep books and to be permitted to prove his entries. But when it is work done outside of his shop, and on the defendant’s premises, as building or repairing a house, or any other fixture, there can be no necessity for books, for the work is apparent and palpable, and the only questions are, by whom was it done! and for whom! Neither of these questions are properly to be answered by an entry made by the plaintiff. It only proves a delivery of something made or repaired or sold by the plaintiff Regarding the qualification of the rule stated in Lynch ads. Petrie, which I have thus stated and enforced, to be proper, the plaintiff's entry could not, under it, be received.
In the same case, Johnson, J., speaking of the generality of the entry, said, “the evidence admitted in this case is a charge for work and labor only, and contains no specification, except that of time. If entries of this character were admitted, every description of persons who work for him would have nothing to do to warrant a recovery but to measure their services by this standard.” *313 In Thomas vs. Dyolt, 1 N. & McC. 186, the same Judge stated, “ that as far hack as it was possible to trace the subject, the books of merchants and mechanics of every description, which have been fairly and regularly kept as daily memoranda of their transactions, have been admitted as evidence of goods or other articles deliveredThe fact that entries are “ daily memoranda,” seems to be essential to their admissibility. Hence a general entry like that in Lynch ads. Petrie, or as in this case, cannot be received ; for in both cases we have an aggregate charge, a general result, and not that of each day's business or work. We therefore think the entry was improperly received; and hence, as the evidence in the case does not put it beyond dispute that the work was done, and the flagging, curb and gutter stone furnished by the plaintiff for the defendant, we think a new trial must be granted.
The motion for a new trial is accordingly granted.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.